UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD STEVENS LIBERATORE, <br> Plaintiff, <br> v. <br> TRANTULAS COMPANY, <br> Defendant. | Case No. 23-cv-01505-RS (PR) <br><br> **ORDER OF DISMISSAL** |

## INTRODUCTION

Plaintiff's 42 U.S.C. § 1983 complaint is DISMISSED. His claims regarding computer tarantulas controlling him are irrational and wholly incredible and are dismissed with prejudice. His allegations regarding dirty food trays and medical treatment are unexhausted and are dismissed. His claim regarding parole is dismissed without prejudice to plaintiff raising it by way of habeas petition.

## DISCUSSION

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

In his complaint plaintiff alleges computer "trantulas" at San Quentin State Prison have been constantly watching and listening to him; preventing sleep; and controlling his actions and bodily functions. (Compl., Dkt. No. 1 at 3-4.) He also alleges President Reagan and California state officials also are responsible for these conditions, and that the United States Army talks to him in his cell. (*Id.* at 2, 6.) These claims will be dismissed with prejudice because the allegations are irrational and wholly incredible. Sections 1915A and 1915(e)(2) accord judges the unusual power to pierce the veil of the complaint's factual allegations and dismiss as frivolous those claims whose factual contentions are clearly baseless. *See Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Examples are claims describing fantastic or delusional scenarios. *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989). To pierce the veil of the complaint's factual allegations means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *See Denton*, 504 U.S. at 32. A finding of factual frivolousness is appropriate when the facts alleged

rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them. *See id.* at 32-33.

The allegations that computer "trantulas" surveil and harass plaintiff, that President Reagan and California state officials are responsible for these conditions, and that the U.S. Army talks to him in his cell are clearly baseless, irrational and wholly incredible. These claims are DISMISSED WITH PREJUDICE as frivolous under sections 1915A and 1915(e)(2).[1]

Plaintiff also makes allegations regarding medical and psychiatric care and dirty food trays, but none are exhausted. (Compl., Dkt. No. 1 at 5-6.) He states he filed one grievance years ago, which was about the food served in prison, and admits he did not exhaust — he checked the NO box in response to the question "Is the last level to which you appealed the highest level of appeal available to you?" on the complaint form. (Compl., Dkt. No. 1 at 2.) His failure to exhaust bars these claims from proceeding at this time. The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. 1997e(a). Compliance with the exhaustion requirement is "mandatory," *Porter v. Nussle*, 534 U.S. 516, 524 (2002), and is "no longer left to the discretion of the district court," *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). These claims are DISMISSED as unexhausted.

Plaintiff also claims he has been denied parole unjustly. (Compl., Dkt. No. 1 at 6.) A civil right complaint is not the proper method to raise such a claim, which, because it

---

[1] Plaintiff has raised nearly identical claims in at least three prior lawsuits filed in this Court: *Liberatore v. State of California*, 18-cv-01556-RS, which was dismissed as frivolous (*id*, Dkt. Nos. 7 and 8); *Liberatore v. Computor Town-Trantulas*, 18-cv-06579-RS, which was dismissed as frivolous and for failure to state a claim for relief, (*id.*, Dkt. No. 10); and *Liberatore v. Computer Town Trantulas*, 22-cv-00811-RS, which was dismissed as frivolous and for failure to state a claim.

1  challenges the validity and duration of his confinement, must be raised by way of habeas
2  petition.  *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (habeas corpus action
3  proper mechanism for challenging "legality or duration" of confinement).  This claim is
4  DISMISSED without prejudice to plaintiff raising such claims in a habeas petition.

## CONCLUSION

This federal civil rights action is DISMISSED as frivolous and for failure to exhaust administrative remedies.  The Clerk shall enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED.**

**Dated:**  August 23, 2023

_____
RICHARD SEEBORG
Chief United States District Judge